## Antone Nagalil, Appellee, v. Shoal Creek Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action by Antone Nagalil, plaintiff, against the Shoal Creek Coal Company, defendant, for damages for personal injuries. From a judgment for plaintiff, defendant appeals.

The plaintiff was a miner in the employ of defendant. At the time in question he was acting as a helper to a timberman, whose duty it was to place timbers in the mines to support the roof where necessary. At a certain place in the mine some workmen discovered what they considered a dangerous place in the roof and reported it to the mine boss. When plaintiff next went into the mine, the night boss directed him and the timberman with whom he was working to go to the place in question and "timber" it. They went to the place directed. Before they began to work they looked for, but found no examiner's mark to indicate a dangerous condition. They then pulled down some loose rock, and prepared to timber the roof. While they were there working, some loose rock and slate fell upon plaintiff, and he was painfully injured. His hip was dislocated, his head, shoulder, side and knee were bruised, and he was injured internally. He was laid up for three months. Three years later, at the time of the trial, he was still suffering from his injuries.

W. B. McBRIDE, for appellant; MILLER & McDAVID, of counsel.

C. H. BURTON and D. R. KINDER, for appellee.

Nagalil v. Shoal Creek Coal Co., 201 Ill. App. 220.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 82*—*who within Miners' Act.* The provisions of the Miners' Act apply to a timberman in a mine as well as to a miner proper.

2. MINES AND MINERALS, § 176*—*when evidence sufficient to show nonexistence of danger mark in mine.* Proof that a timberman in a mine looked for a danger mark before he started work at a certain place in the mine and found none, *held* sufficient to warrant a finding that no such mark was there, in the absence of proof that the mine had been examined and a danger mark placed as required by the statute.

3. MINES AND MINERALS, § 181*—*when negligence as proximate cause of injury question for jury.* In an action by a timberman in a mine for injuries sustained as the result of the roof falling upon him, the question whether failure of the mine owner to have the place properly marked as dangerous was the proximate cause of the injury, *held* for the jury.

4. DAMAGES, § 115*—*when judgment for personal injuries not excessive.* A judgment for five hundred dollars for injuries to a timberman in a mine earning three dollars a day, who was laid off for three months as the result of the accident, and who suffered dislocation of a hip and various bruises, *held* not excessive.

5. DAMAGES, § 200*—*when instruction correct.* In an action by a timberman in a mine for damages for personal injuries, an instruction allowing the jury to assess damages for physical pain and suffering, *held* correct.

6. MINES AND MINERALS, § 194*—*when instruction on liability of mine owner properly refused.* In an action for personal injuries. to a timberman in a mine, an instruction that although the mine examiner failed to perform the duty imposed upon him by law, yet if he was not conscious of such failure no liability would attach to ₀ the mine owner, *held* properly refused.

7. INSTRUCTIONS, § 137*—*when properly refused.* It is not error to refuse instructions where there is no evidence on which they can be based.

8. COSTS, § 73*—*when cost of additional abstract properly taxed to appellant.* Where the abstract filed by the appellant was insufficient and an additional abstract was filed by the appellee, *held* that the cost of such additional abstract was properly taxed to the appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.